**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　*Plaintiff-Appellee,*

v.

BRIAN KEITH MILLER,

　　　*Defendant-Appellant.*

No. 01-4950

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-382)

Submitted: April 18, 2002

Decided: April 29, 2002

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Brian Keith Miller was convicted after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). On appeal, he challenges the sufficiency of the evidence supporting his conviction and the two-level enhancement imposed under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(4) (2000) for possession of a stolen firearm. We affirm.

Miller first claims that there was insufficient evidence that he possessed a firearm. In reviewing the sufficiency of the evidence challenge on direct review, the relevant standard is whether the record contains "substantial evidence, taking the view most favorable to the Government, to support" the jury's finding. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Moreover, an appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear. *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984).

Here, Marilyn Kirk and Amanda Martin testified that Miller possessed a gun at a gas station and inside Kirk's home. In addition, an officer seized a loaded gun from under a rug in close proximity to Miller. Undoubtedly, this testimony is sufficient to prove possession. Miller is essentially arguing that the witnesses' testimony was not credible. However, this determination is within the province of the jury, and we will not overturn it. *See United States v. Beidler*, 110 F.3d 1064, 1070 (4th Cir. 1997) (jury is sole judge of witness credibility).

Next, Miller asserts that the district court improperly increased his sentence under USSG § 2K2.1(b)(4) because there was insufficient proof that the firearm was stolen. However, the owner of the gun testified that it was indeed stolen. Again, Miller's claim essentially chal-

lenges the owner's credibility. However, the district court's decision to credit this testimony was not clearly erroneous. *See United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995) (noting that resolution of factual dispute based on credibility of witnesses is not clearly erroneous).

Thus, we affirm Miller's conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

*AFFIRMED*